# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **TREVOR MANNY ANDERSON,** | ) | |
| **# 468096,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-01057** |
| | ) | |
| **JOHN DAUGHTY, <u>et al</u>.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Trevor Anderson, who is in custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. (Doc. No. 1). The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.     FILING FEE

Anderson has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING THE COMPLAINT

A.      PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520121 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B.      Facts Alleged

The Complaint's factual allegations are assumed true for purposes of PLRA screening.

Anderson was arrested on January 20, 2023, by Defendants Metro Police Department Officers John Daughty, Kyle Berkheiser, Ian Ward, Justin Vaughn, and Dustin Tidwell. (Doc. No. 1 at 6). During the arrest, a police vehicle rammed into the vehicle in which Anderson was a passenger. (Id.). Anderson was arrested and charged with several offenses. (Id. at 7).

At Anderson's preliminary hearing on February 2, 2023, Officer Daughty testified about the arrest. (Id.). According to Anderson, Daughty's testimony was false. (Id.).

C.      Analysis

Anderson asserts that he was unlawfully seized in violation of the Fourth Amendment, Due Process, and the Eighth Amendment. (Doc. No. 1 at 6). However, the Fourth Amendment governs all claims, like Anderson's, brought based on allegations of unlawful arrest and excessive force during the seizure of a free citizen. See Burgess v. Fischer, 735 F.3d 462, 472 (6th Cir. 2013). The Court need not assess the substance of Anderson's claims, because they are untimely.

Tennessee's one-year statute of limitations applies to Anderson's Section 1983 claims. See Harris v. United States, 422 F.3d 322, 331 (6th Cir. 2005); Zundel v. Holder, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). And federal law federal law determines "[t]he date on which the statute of limitations begins to run." Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634−35 (6th Cir. 2007).

"[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007). For excessive-force claims, the limitation period begins to run when the

4

alleged excessive force occurred. <u>Dibrell v. Rex</u>, No. 25-5334, 2025 WL 3285587, at *3 (6th Cir. Nov. 25, 2025).

Here, the alleged excessive force occurred on January 20, 2023, and Anderson's criminal proceedings began on or about February 2, 2023. (Doc. No. 1 at 6). Anderson did not file suit until August 30, 2024, more than six months after the one-year limitation period had ended. Anderson's claims are therefore untimely, and his Complaint will be dismissed.

### III. CONCLUSION

Anderson's IFP Application (Doc. No. 2) is **GRANTED**.

The Court has screened the prisoner complaint pursuant to the PLRA and finds that Anderson's Section 1983 claims against all named Defendants are untimely and therefore fail to state a claim upon which relief may be granted. Accordingly, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Anderson is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

5